The People of the State of Illinois, Defendant in Error, v. Emil Pressler, Plaintiff in Error.

## Gen. No. 5572.

DRAM-SHOPS—*section 49 of act construed.* This section which prohibits the sale of intoxicating liquors etc., upon "any general or special election day" includes an election held for the purpose of electing a trustee of schools.

Error to the Circuit Court of Lee county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 13, 1912.

JOHN E. ERWIN and JOHN J. SWENIE, for plaintiff in error.

HARRY EDWARDS, for defendant in error.

MR. JUSTICE MORTON W. THOMPSON delivered the opinion of the court.

Plaintiff in error was indicted at the April term, 1911, of the Lee county Circuit Court for keeping a saloon open within one mile of the place of holding an election for a trustee of schools.

By agreement the case was submitted to the court and tried upon the following statement of facts.

"On April 8, 1911, an election for trustee of schools

was held in Township Number Twenty One North, Range Nine East of the Fourth Principal Meridian, in Lee county, Illinois, and that on said day defendant kept open a saloon for the sale of intoxicating liquors at retail within one mile of the place of holding said election; that Township Number Twenty One is a township for school purposes, the boundaries of which do not coincide with towns as established under Township Organization Laws; that said township for general election has five voting precincts, a number of which would be at a greater distance than one mile from the place of business of defendant."

Propositions of law were submitted raising the sole question of defendant's guilt under Section 79, Chapter 46 Revised Statutes, which is as follows:

"Sec. 79. No spirituous, malt, vinous or intoxicating liquor shall be sold or given away at retail, nor shall any saloon or bar room or place where such liquor is so sold or given away, be open upon any general or special election day within one mile of the place of holding an election. Whoever violates the provisions of this section shall be fined in a sum not less than $25 nor more than $100."

Article III, Chapter 122, Revised Statutes, provides for the election of trustees of schools, and we think such elections come clearly within said Section 79. By said Article the election held for the purpose of electing a trustee of schools is provided for generally throughout the state; they are all governed by the same provisions, and uniform as to time in each of the two classes of townships. We think the term, "any general or special election day," clearly includes the election held for the purpose of electing a trustee of schools.

We fail to see how the fact that the trustees of schools or judges may postpone said election, as provided in Section 14 of said Article III, affects the question at issue, as said postponed election would still come within its terms.

A general election is one provided for by law through-

out the state or certain subdivisions. A special election is one provided for by law under special circumstances.

Finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*